**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

WAYNE BARNEY,
                              Plaintiff,

    v.                                          No. 7:04-CV-1122
                                                      (LEK/DRH)
COMMISSIONER OF SOCIAL SECURITY,

                              Defendant.

---

**APPEARANCES:**                          **OF COUNSEL:**

CONBOY, McKAY, BACHMAN       LAWRENCE D. HASSELER, ESQ.
  &amp; KENDALL, LLP
Attorney for Plaintiff
407 Sherman Street
Watertown, New York 13619

HON. GLENN T. SUDDABY          WILLIAM H. PEASE, ESQ.
United States Attorney for the       Assistant United States Attorney
   Northern District of New York
Attorney for Defendant
100 South Clinton Street
Syracuse, New York 13261-7198

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

### REPORT-RECOMMENDATION AND ORDER[1]

      Plaintiff Wayne Barney ("Barney") brought this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of Social Security ("Commissioner") denying his application for benefits under the Social Security Act. Barney moves for a finding of disability and the Commissioner cross-moves for a judgment on the pleadings.

---

      [1] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(d).

Docket Nos. 8, 13. For the reasons which follow, it is recommended that the Commissioner's decision be remanded for further proceedings.

## I. Procedural History

On April 22, 2002, Barney filed an application for supplemental and disability insurance benefits pursuant to the Social Security Act, 42 U.S.C. § 401 et seq. T. 57-59, 280-82.[2] On August 16, 2002, the applications were denied. T. 25, 283. Barney requested a hearing before an administrative law judge ("ALJ"), which was held before ALJ John M. Lischak on January 12, 2004. T. 14, 34. In a decision dated February 26, 2004, the ALJ held that Barney was not entitled to disability benefits. T. 22. On April 22, 2004, Barney filed a request for review with the Appeals Council. T. 8-10. The Appeals Council denied Barney's request for review, thus making the ALJ's findings the final decision of the Commissioner. T. 5-7. This action followed.

## II. Contentions

Barney contends that the ALJ erred when he failed properly to evaluate the medical opinions of record, determine his residual functional capacity, evaluate his credibility, and utilize the Medical-Vocational guidelines. Barney also contends that the ALJ erroneously concluded that his impairments were not expected to last for twelve months. The Commissioner contends that there was substantial evidence to support the determination

---

[2] "T." followed by a number refers to the pages of the administrative transcript filed by the Commissioner. Docket No. 7.

that Barney was not disabled.

### III. Facts

Barney is currently forty-four years old and has a high school education. T. 57, 82, 298. Barney previously worked as a restaurant manager/cook, meat department worker, laborer, convenience store clerk, and restaurant bus person. T. 14-15. Barney alleges that he became disabled on October 1, 2003 due to back surgery and deteriorating spinal discs. T. 15, 76, 304-05.

### IV. Standard of Review

#### A. Disability Criteria

A claimant seeking disability benefits must establish that "he [or she] is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A) (2003). In addition, the claimant's impairments must be of such severity that he or she is not able to do previous work or any other substantial gainful work considering the claimant's age, education, and work experience, regardless of whether such work exists in the immediate area, whether a specific job vacancy exists, or whether the claimant would be hired if he or she applied for work. 42 U.S.C. § 1382c(a)(3)(B) (2003).

The Commissioner uses a five-step process, set forth in 20 C.F.R. § 416.920, to evaluate SSI disability claims:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he [or she] is not, the [Commissioner] next considers whether the claimant has a 'severe impairment' which significantly limits his [or her] physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him [or her] disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a 'listed' impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he [or she] has the residual functional capacity to perform his [or her] past work. Finally, if the claimant is unable to perform his [or her] past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982); see 20 C.F.R. § 416.920 (2003).

The plaintiff has the burden of establishing disability at the first four steps. Shaw v. Chater, 221 F.3d 126, 132 (2d Cir. 2000). However, if the plaintiff establishes that an impairment prevents him or her from performing past work, the burden then shifts to the Commissioner to determine if there is other work which the claimant could perform. Id.

### B. Scope of Review

In reviewing a final decision of the Commissioner, a court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision. Machadio v. Apfel, 276 F.3d 103, 108 (2d Cir. 2002). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Shaw, 221 F.3d at 131 (citations omitted). It must be "more than a mere

scintilla" of evidence scattered throughout the administrative record.  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see Curry v. Apfel, 209 F.3d 117, 122 (2d Cir. 2000).

"In addition, an ALJ must set forth the crucial factors justifying his findings with sufficient specificity to allow a court to determine whether substantial evidence supports the decision." Prentice v. Apfel, No. 96 Civ. 851(RSP), 1998 WL 166849, at *3 (N.D.N.Y. Apr. 8, 1998) (citing Ferraris v. Heckler, 728 F.2d 582, 587 (2d Cir. 1984)).  A court, however, cannot substitute its interpretation of the administrative record for that of the Commissioner if the record contains substantial support for the ALJ's decision.  Yancey v. Apfel, 145 F.3d 106, 111 (2d Cir. 1998).  If the Commissioner's finding is supported by substantial evidence, it is conclusive.  Bush v. Shalala, 94 F.3d 40, 45 (2d Cir. 1996).

## V.  Discussion

### A. Medical Evidence

On January 17, 2002, after complaining of persistent back pain, Barney began physical therapy at Massena Memorial Hospital.  T. 148-49.  Barney continued physical therapy until March 12, 2002, when he was admitted to Fletcher Allen Hospital for surgery on his herniated disc at T11-T12.  R. 142, 150.  On March 28, 2002, Dr. Martin Krag conducted the T12 compression with a T11-12 fusion procedure.  T. 152-53, 157-71.  On July 24, 2002, Dr. Frank Harvey conducted an orthopedic consultative examination of Barney.  T. 249.  Dr. Harvey noted that Barney had moderate difficulty with positioning and movement during the examination and was capable of light-level activities.  T. 250-51.  On

August 14, 2002, Dr. Alan Auerbach, a state agency program physician, examined Barney and concluded that he could perform sedentary work and his condition was expected to improve.  T. 258.  Shortly thereafter, a disability analyst performed a residual functional capacity assessment of Barney.  T. 259-66.  The analyst concluded that Barney could occasionally lift and carry ten pounds, sit for six hours and stand for two hours during an eight-hour workday, and had limited ability to climb, balance, stoop, kneel, crouch, and crawl.  Id.

On March 24 ,2003, Dr. Nimesh Desai began treating Barney for his back pain.  T. 268.  On December 14, 2003, Dr. Desai concluded that Barney was unable to return to work due to his chronic pain.  Id.  During this time, Barney also began treatment with Dr. Warren Rinehart at the Spine Institute of New England.  T. 267.  On October 21, 2003, Dr. Rinehart concluded that Barney's job aggravates his pre-existing degenerative disc condition and determined that his overall prognosis was guarded.  Id.  Shortly thereafter, Dr. Rinehart noted that Barney was expected to be out of work for at least one year.  T. 273.  On January 28, 2004, Dr. Desai concluded that Barney was "likely permanently disabled" and would not be able to obtain gainful employment.  T. 274.

### B. Length of Disability

Barney contends that the ALJ failed properly to conclude that his impairments were expected to last for twelve months.

Barney originally stated that he became disabled on March 12, 2002.  T. 15.  However, during the January 2004 hearing, Barney changed his disability onset date to

October 1, 2003.  T. 304-05.  In his decision, the ALJ concluded that "although . . . the evidence establishes that [Barney] has some pain and limitations, the evidence fails to establish that his symptoms will last for 12 months, especially as he continues to be receiving treatment from several doctors, including a specialist in spinal impairments."  T. 17.  The ALJ then discussed the opinions of Drs. Desai and Rinehart, the only doctors identified in the record who continued to treat Barney after his onset date of October 1, 2003.  T. 17-19.  On December 24, 2003, Dr. Desai concluded that despite medications and treatment, Barney's back pain had not improved.  T. 18, 268.  Dr. Desai also noted that Barney was unable to return to work due to chronic pain, could not lift more than ten pounds, was unable to sit more than fifteen-to-twenty minutes at a time, and had to change positions constantly due to his back pain.  Id.  On January 28, 2004, after examining Barney, Dr. Desai concluded that Barney "is likely permanently disabled" and "will not be able to do a [sic] gainful employment."  T. 18, 274.  On October 21, 2003, Dr. Rinehart observed that Barney had chronic pain problems and determined that his prognosis was "guarded."  T. 267.  Further, on January 12, 2004, Dr. Rinehart concluded that Barney was expected to be out of work for at least one year.  T. 18, 273.

In spite of the opinions of Drs. Desai and Rinehart, Barney's treating physicians, the ALJ concluded that Barney's disability would not last for twelve months.  T. 17.  In support of his conclusion, the ALJ relied on the examinations of Drs. Harvey and Auerbach, a state agency program physician.  T. 18-19.  On July 24, 2002, Dr. Harvey concluded that Barney was capable of light-level activities, but should not lift more than twenty-five pounds and had limited sitting and standing capabilities.  T. 249-51.  On August 14, 2002, Dr. Auerbach

7

examined Barney and concluded that he could perform sedentary work and his condition was expected to improve.  T. 258.  Both of these examinations were conducted over a year <u>before</u> Barney's onset date of October 1, 2003.  T. 15.  The ALJ noted this fact but accorded Dr. Harvey's conclusion "some weight" because it was "consistent with a preponderance of the probative evidence of record."  T. 19.  However, after the onset date, all medical evidence found that Barney was disabled and, thus, unable to work for at least twelve months.  T. 267-68, 273-74.   Therefore, this case should be remanded to determine whether Barney's disability did in fact prevent him from working for twelve continuous months after the onset date of October 1, 2003.

### C. Remand or Reversal

A reviewing court has the authority to reverse with or without remand.  42 U.S.C. §§ 405(g), 1383(c)(3) (2003).  Remand is appropriate where there are gaps in the record or further development of the evidence is needed.  <u>Curry</u>, 209 F.3d at 124.  Reversal is appropriate, however, where there is "persuasive proof of disability" in the record and remand for further evidentiary development would not serve any purpose.  <u>Id.</u>; <u>see also</u> <u>Parker v. Harris</u>, 626 F.2d 225, 235 (2d Cir. 1980).  Here, the record is unclear regarding whether Barney's alleged disability could be expected to last for twelve months from the onset date of October 1, 2003.  Accordingly, it is recommended that the decision of the Commissioner be remanded for further proceedings rather than reversed.

### VI. Conclusion[3]

For the reasons stated above, it is hereby

**RECOMMENDED** that the decision denying disability benefits be **REMANDED** for further proceedings.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85 (2d Cir. 1993) (citing Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

DATED: December 12, 2006
       Albany, New York

_David R. Homer_
United States Magistrate Judge

---

[3] In his brief, Barney asserts four other grounds for reversal or remand of the ALJ's determination.  Pl. Mem. of Law (Docket No. 8) at 11-24.  However, in light of the remand of the case recommended herein on Barney's first ground, it is unnecessary to address the other grounds.